**SANDERS LAW, PLLC**
Craig B. Sanders, Esq. (CS4163)
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Telephone: (516) 203-7600
Facsimile: (516) 281-7601
csanders@sanderslawpllc.com
*Attorneys for Plaintiffs*
File No.: 101945



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BWP Media USA Inc. d/b/a Pacific Coast News and National Photo Group, LLC, | Docket No:13-cv-7574 (KPF) |
| Plaintiff(s), | |
| | **AMENDED COMPLAINT** |
| vs. | |
| | **JURY TRIAL DEMANDED** |
| Gossip Cop Media, LLC and Abrams Research, LLC d/b/a Abrams Media, | |
| Defendant(s). | |

BWP Media USA Inc. d/b/a Pacific Coast News ("BWP") and National Photo Group, LLC ("NPG") (hereinafter collectively "*Plaintiffs*"), by and through their undersigned counsel, for their Complaint against Defendants Gossip Cop Media, LLC and ABRAMS RESEARCH, LLC. d/b/a Abrams Media (hereinafter collectively referred to as "*Defendants*") states and alleges as follows:

## INTRODUCTION

1. Plaintiffs provide entertainment-related photojournalism goods and services and own the rights to a multitude of photographs and videos featuring celebrities, which it licenses to online and print publications. Plaintiffs have obtained U.S. copyright registrations covering many of its photographs and videos, and others are the subject of pending copyright applications.

2. Defendants own and operate a website known as www.gossipcop.com (the website referred to herein as the "*Website*") and without permission or authorization from Plaintiffs copied, modified, and displayed Plaintiffs' photographs and video on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331. The Court has supplemental jurisdiction over the claims arising under state law pursuant to 28 U.S.C. §1367(a) in that the state claims are so related to the claims over which the court has original jurisdiction that they form part of the same case or controversy. Additionally, this Court has subject matter jurisdiction over all of the photographs, inclusive of the unregistered images. (*See e.g. Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1154 [9th Cir. 2007]; *Olan Mills, Inc. v. Linn Photo Co.*, 23 F.3d 1345, 1349 [8th Cir. 1994]; *Pac. & S. Co., Inc., v. Duncan*, 744 F.2d 1490, 1499 n. 17 [11th Cic. 1984]).

4. This Court has personal jurisdiction over Gossip Cop Media, LLC because Gossip Cop Media, LLC maintains its principal place of business in New York and purposely directs substantial activities at the residents of New York by means of the website described herein. This Court also has personal jurisdiction over the Defendant under the applicable long-arm jurisdictional statutes of New York.

5. This Court has personal jurisdiction over ABRAMS RESEARCH, LLC. d/b/a Abrams Media because ABRAMS RESEARCH, LLC. d/b/a Abrams Media maintains its principal place of business in New York and purposely directs substantial activities at the residents of New York by means of the website described herein. This Court also has personal jurisdiction over the Defendant under the applicable long-arm jurisdictional statutes of New York.

6. Venue is proper under 28 U.S.C. §1391(a)(2) because Gossip Cop Media, LLC

does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## PARTIES

7. BWP is a California Corporation and maintains its principal place of business in Los Angeles County, California.

8. NPG is a California Corporation and maintains its principal place of business in Los Angeles County, California.

9. On information and belief, Defendant Gossip Cop Media, LLC, is a New York Limited Liability Company with a principal place of business in New York County, New York and is liable and responsible to Plaintiff based on the facts herein alleged.

10. On information and belief, Defendant Abrams Research, LLC d/b/a Abrams Media, is a New York Limited Liability Company with a principal place of business in New York County, New York and is liable and responsible to Plaintiff based on the facts herein alleged.

## FACTUAL ALLEGATIONS

11. Plaintiffs are the legal and beneficial owners of a multitude of photographs and videos which they license to online and print publications and have invested significant time and money in building their photograph portfolios.

12. Plaintiffs' photographs and videos are original, creative works in which Plaintiffs own protectable copyright interests.

13. Plaintiffs create their photographs and videos, predominantly of celebrities, with the express purpose of licensing these photographs to media organizations.

14. Plaintiffs' photographs and video, including the images complained of herein, typically provide little if any informational value but rather capitalize on the fascination of the public with celebrity figures doing ordinary activities.

15. For example, one of the photographs at issue is of Aston Kutcher and Mila Kunis

walking down the street carrying cups of coffee. This image has no independent news or informational value but rather was used as a recent image of the couple when Ms. Kunis was elected in 2012 the "Sexiest Woman Alive" by Esquire Magazine.

16. Another image at issue consists of Robert Pattison leaving a restaurant and falling asleep in the car with the supposition being that he was drunk. The image itself adds nothing to the limited "news" value of the story that Mr. Pattinson went out for an evening and was seen drinking but rather uses Mr. Pattison's celebrity status and following to sell newspapers, magazines, or to visit a website.

17. Another image at issue consists of Liberty Ross leaving an office building in Los Angeles. Defendant's use of the photograph is exact same commercial use that other celebrity gossip websites and publications, such as TMZ, used the photograph.

18. Another image at issue is a video that consists of Gwyneth Paltrow riding a scooter with her daughter. This video was licensed by Plaintiff for use by TMZ—another celebrity gossip publication that paid for the licensing—for precisely the same purpose as Defendant is using the video: to use Gwyneth Paltrow's celebrity status to draw viewers to the celebrity gossip website.

19. Plaintiffs have obtained several active and valid copyright registrations with the United States Copyright Office (the "USCO") for many of their photographs and videos, including those that form the basis of this action, and many others are the subject of pending copyright applications.

20. Defendants are the registered owner of the Website and are responsible for the Website's content.

21. The Website is a popular celebrity gossip website that displays and publishes celebrity photographs and videos.

22. The Website is monetized in that it contains paid advertisements, and, on information and belief, Defendants profit from these activities.

23. Without permission or authorization from Plaintiffs, Defendants copied and/or

displayed Plaintiffs' rights protected photographs and video (hereinafter collectively referred to as "*Photographs/Video*"), as set forth in Exhibit "1" which is annexed hereto and incorporated in its entirety herein, on the Website.

24.     On information and belief, Defendants profited from these activities by pairing this content with advertisements.

25.     Defendants' copied and displayed Plaintiffs' rights protected Photographs/Video in their entirety.

26.     Defendants did not alter or transform the Photographs/Video in any creative manner.

27.     Defendants did not add any new artistic element to the Photographs/Video.

28.     Rather, Defendants' use of the Photographs/Video was for the exact same commercial purpose as used by similar celebrity gossip organizations that purchase Plaintiffs' rights protected photographs. For example, one of the infringements at issue, the video of Gwyneth Paltrow, was licensed for use by TMZ, a celebrity gossip publication that paid for the licensing. The video was used by Defendant for the same commercial purpose that TMZ used the video: to use Gwyneth's celebrity status to draw viewers to its online, commercial celebrity gossip publication.

29.     Defendants utilized the "draw" of Plaintiffs' Photographs/Video to populate its Website with content purposefully designed to increase user traffic in order to maximize their advertising revenue.

30.     Defendants' use of Plaintiffs' Photographs/Video was for its commercial interest.

31.     Defendants' Website is not a news reporting agency. The Website publishes celebrity gossip content on its website for the exact same commercial purpose as other similar celebrity gossip commercial publications.

32.     New worthiness does not transform the original nature and purpose of the Photographs/Video and, thus, does not make Defendants' use of the Photographs/Video "fair." (*See Harper & Row, Publishers, Inc. v. Nation Enters*, 471 U.S. 539, 557, 105 S. Ct. 2218, 85

L.Ed.2d 588 (1985) ("The promise of copyright would be an empty one if it could be avoided merely by dubbing the infringement a fair use 'news report' of the [work].")).

33. Defendants' use of Plaintiffs' Photographs/Video, even if the Photographs/Video are considered newsworthy, is the same exact commercial purpose as used by similar celebrity gossip organizations that purchase Plaintiffs' rights protected photographs and videos.Defendants' illegal copying of Plaintiffs' Photographs usurps the market for the licensing of the original works, Plaintiffs' entire business and reason for the creation of the Photographs/Video, since the organizations and celebrity gossip publications paying for the licensing of the Photographs/Video could, instead of paying for licensing, simply steal them under the guise of "fair use."

34. The widespread usage of the Photographs/Video by unlicensed users, such as Defendants, would destroy the market for the Plaintiffs' Photographs/Video.

35. On information and belief, Defendants take an active and pervasive role in the content posted on the Website by copying, posting, selecting and displaying Plaintiffs' photographs and video. On information and belief, Defendants directly contribute to the content displayed on its Website by employing staff members, writers and editors who are responsible for operating and controlling the day-to-day activities on the Website.

36. On information and belief, and at all times material hereto, editors, founders, writers, and/or other Website staff members were Defendants' agents and/or employees, and were acting within the course and scope of such agency and/or employment.

37. On information and belief, in their role as Defendants' agents, the editors, founders, writers and/or Website staff members post photographs and videos (including Plaintiffs' Photographs/Video) and delete or modify the content on the Website.

38. On information and belief, the Photographs/Video were copied without license or permission, thereby infringing on the Copyrights (hereinafter collectively referred to as the "*Infringements*").

39. As is set forth more fully in Exhibit "1", each listed infringement contains the

URL ("*Uniform Resource Locator*") for a webpage which is fixed tangible medium of expression sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and therefore constitutes a specific item of infringement. (*See 17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1160 [9th Cir. 2007]).

40. On information and belief, Defendants were aware of facts or circumstances from which the determination regarding the Infringements was apparent. Based on the totality of the circumstances, Defendants cannot claim that they were not aware of the infringing activities, including the specific Infringements which form the basis of this complaint, on the Website since such a claim would amount to only willful blindness to the Infringements on the part of Defendants.

41. On information and belief, Defendants engaged in the Infringements knowingly and in violation of applicable United States Copyright Laws.

42. On information and belief, Defendants have received a financial benefit directly attributable to the Infringements. Specifically, by way of the Infringements, the Website experienced increased traffic and, in turn, realized an increase in Defendants' advertising revenues. *(See 17 U.S.C. §512(c)(1)(B))*.

43. On information and belief, Defendants have the legal right and ability to control and limit the infringing activities on its Website.

44. As a result of Defendants' misconduct, Plaintiffs have been substantially harmed.

## FIRST COUNT
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

45. Plaintiffs repeat and incorporate by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

46. The Photographs are original, creative works in which Plaintiffs own protectable copyright interests.

47. Plaintiffs have not licensed Defendants the right to use the Photographs/Video in any manner, nor have Plaintiffs assigned any of its exclusive rights in the Copyrights to

Defendants.

48. Without permission or authorization from Plaintiffs and in willful violation of their rights under 17 U.S.C. §106, Defendants improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiffs.

49. Defendants' reproduction of the Photographs/Video and display of the Photographs/Video on the Website constitutes willful copyright infringement.

50. On information and belief, thousands of people have viewed the unlawful copies of the Photograph/Video on the Website.

51. On information and belief, Defendants had knowledge of the copyright infringement alleged herein and had the ability to stop the reproduction and display of Plaintiffs' copyrighted material.

52. As a direct and proximate result of Defendants' misconduct, Plaintiffs have been substantially harmed in an amount to be proven at trial.

## SECOND COUNT
*(Vicarious Copyright Infringement)*

53. Plaintiffs incorporate, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

54. Defendants enjoyed a directed financial benefit from the infringing activity of its agents and employees and declined to exercise the right and ability to supervise or control that infringing activity, despite their legal right to stop or limit the directly infringing conduct as well as the practical ability to do so.

55. Accordingly, Defendants are liable as vicarious infringers since they profited from direct infringement while declining to exercise a right to stop or limit it. (*See e.g., Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d. 1146, 1171 [9th Cir. 2007]; *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 929-30 [2005]).

56. As a result of Defendants' misconduct, Plaintiffs have been substantially harmed in an amount to be proven at trial.

## THIRD COUNT
### (Injunction Pursuant to 17 U.S.C. §502)

57. Plaintiffs incorporate, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

58. Plaintiffs request a permanent injunction pursuant to 17 U.S.C. §502(a) prohibiting Defendants from displaying the Infringements.

## FOURTH COUNT
### (Attorney Fees and Costs Pursuant to 17 U.S.C. §505)

59. Plaintiffs incorporate, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

60. Plaintiffs request, pursuant to 17 U.S.C. §505, their attorney fees and costs for the prosecution of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request judgment as follows:

1. That the Court enter a judgment finding that Defendants have infringed directly and/or vicariously Plaintiffs' rights to the Photographs/Video in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

    a. Statutory damages against Defendants pursuant to 17 U.S.C. §504(c) of $150,000 per infringement or in the alternative Plaintiffs' actual damages and the disgorgement of Defendants' wrongful profits in an amount to be proven at trial; and

    b. A permanent injunction against Defendants pursuant to 17 U.S.C. §502; and

    c. Plaintiffs' attorneys' fees pursuant to 17 U.S.C. §505; and

    d. Plaintiffs' costs; and

2. Such other relief that the Court determines is just and proper.

DATED: January 31, 2014

          SANDERS LAW, PLLC

          /s/ Craig B. Sanders

          Craig B. Sanders, Esq. (CS4163)
          100 Garden City Plaza, Suite 500
          Garden City, New York 11530
          Telephone: (516) 203-7600
          Facsimile: (516) 281-7601
          csanders@sanderslawpllc.com
          *Attorneys for Plaintiff*
          File No.:101945

## REQUEST FOR JURY TRIAL

Plaintiff hereby demands a trial of this action by jury.

DATED: January 31, 2014

          SANDERS LAW, PLLC

          /s/ Craig B. Sanders

          Craig B. Sanders, Esq. (CS4163)
          100 Garden City Plaza, Suite 500
          Garden City, New York 11530
          Telephone: (516) 203-7600
          Facsimile: (516) 281-7601
          csanders@sanderslawpllc.com
          *Attorneys for Plaintiff*
          File No.:101945

# EXHIBIT 1

EXHIBIT# 1 - BWP Media USA Inc. d/b/a Pacific Coast News v. Gossip Cop Media, LLC

| COPYRIGHTED IMAGE | INFRINGEMENT | WEB PAGE CAPTURE |
|---|---|---|
| | **INFRINGEMENT#1 OF 9**<br>Photo Owner: BWP Media USA Inc. d/b/a Pacific Coast News<br>Photo ID Number: 3129176<br>Date Taken: 10/08/2012<br>Photo Description: Ashton Kutcher steps out with his \'Sexiest Woman Alive\' girlfriend Mila Kunis as they grab a coffee and a copy of the New York Post together.<br>Copyright Application Date: 01/05/2013<br>Application Number: 1-873344572<br>Copyright Registration Date: 01/05/2013<br>Registration Number: VA0001848281 | Domain: www.gossipcop.com<br>URL: http://www.gossipcop.com/tag/ashton-kutcher/page/2/<br>Observed Date: 05/17/2013  |
| | **INFRINGEMENT#2 OF 9**<br>Photo Owner: BWP Media USA Inc. d/b/a Pacific Coast News<br>Photo ID Number: 3129176<br>Date Taken: 10/08/2012<br>Photo Description: Ashton Kutcher steps out with his \'Sexiest Woman Alive\' girlfriend Mila Kunis as they grab a coffee and a copy of the New York Post together.<br>Copyright Application Date: 01/05/2013<br>Application Number: 1-873344572<br>Copyright Registration Date: 01/05/2013<br>Registration Number: VA0001848281 | Domain: www.gossipcop.com<br>URL: http://www.gossipcop.com/tag/mila-kunis/page/2/<br>Observed Date: 05/17/2013 |
|  | **INFRINGEMENT#3 OF 9**<br>Photo Owner: BWP Media USA Inc. d/b/a Pacific Coast News<br>Photo ID Number: 3129176<br>Date Taken: 10/08/2012<br>Photo Description: Ashton Kutcher steps out with his \'Sexiest Woman Alive\' girlfriend Mila Kunis as they grab a coffee and a copy of the New York Post together.<br>Cpoyright Application Date: 01/05/2013<br>Application Number: 1-873344572<br>Copyright Registration Date: 01/05/2013<br>Registration Number: VA0001848281 | Domain: www.gossipcop.com<br>URL: http://www.gossipcop.com/2013/01/page/11/<br>Observed Date: 05/17/2013  |

EXHIBIT# 1 - BWP Media USA Inc. d/b/a Pacific Coast News v. Gossip Cop Media, LLC

| COPYRIGHTED IMAGE | INFRINGEMENT DETAILS | WEB PAGE CAPTURE |
|---|---|---|
| | **INFRINGEMENT#4 OF 9**<br>Photo Owner: National Photo Group, LLC<br>Photo ID Number: 80612<br>Date Taken: 08/06/2012<br>Photo Description: Liberty Ross leaving an Office Building in Los Angeles.<br>Copyright Application Date: 08/07/2012<br>Application Number: 1-805606970<br>Copyright Registration Date: 08/07/2012<br>Registration Number: VA0001836367 | Domain: www.gossipcop.com<br>URL: http://www.gossipcop.com/liberty-ross-not-wearing-wedding-ring-photo-rupert-sanders-wife-picture-pic-kristen-stewart-cheating-affair/<br>Observed Date: 05/17/2013 |
| | **INFRINGEMENT#5 OF 9**<br>Photo Owner: BWP Media USA Inc. d/b/a Pacific Coast News<br>Photo ID Number: 3129176<br>Date Taken: 10/08/2012<br>Photo Description: Ashton Kutcher steps out with his \'Sexiest Woman Alive\' girlfriend Mila Kunis as they grab a coffee and a copy of the New York Post together.<br>Copyright Application Date: 01/05/2013<br>Application Number: 1-873344572<br>Copyright Registration Date: 01/05/2013<br>Registration Number: VA0001848281 | Domain: www.gossipcop.com<br>URL: http://www.gossipcop.com/mila-kunis-ashton-kutcher-moving-london-house-hunting-uk-relocating-jupiter-ascending/picture-2-322/<br>Observed Date: 05/17/2013 |
| | **INFRINGEMENT#6 OF 9**<br>Photo Owner: National Photo Group, LLC<br>Photo ID Number: 10248680<br>Date Taken: 05/10/2013<br>Photo Description: A drunk Robert Pattinson leaves the Chateau Marmont slouched over in his seat with his eyes barely open as a friend drives him away. Witnesses said he was drinking inside and arrived before 10:00 p.m. Pattinson left the hotel at 2:20 a.m.<br>Application Number: 1-956120641<br>Copyright Registration Date: 06/27/2013<br>Registration Number: VA 1-865-159 | Domain: www.gossipcop.com<br>URL: http://www.gossipcop.com/robert-pattinson-katy-perry-chateau-marmont-photos-pics-drinking-partying-may-2013/<br>Observed Date: 07/14/2013 |

01/31/2014 15:33:41

EXHIBIT# 1 - BWP Media USA Inc. d/b/a Pacific Coast News v. Gossip Cop Media, LLC

| COPYRIGHTED IMAGE | INFRINGEMENT#7 OF 9 | WEB PAGE CAPTURE |
|---|---|---|
| | Photo Owner: National Photo Group, LLC<br>Photo ID Number: 90913<br>Date Taken: 09/09/2013<br>Photo Description: Gwyneth Paltrow drives with daughter Apple Martin as they are nearly hit by a bus.<br>Copyright Application Date: 09/10/2013<br>Application Number: 1-991548211 | Domain: www.gossipcop.com<br>URL: http://www.gossipcop.com/gwyneth-paltrow-scooter-video-school-bus-vespa/<br>Observed Date: 09/12/2013 |
| **COPYRIGHTED IMAGE** | **INFRINGEMENT#8 OF 9** | **WEB PAGE CAPTURE** |
| | Photo Owner: National Photo Group, LLC<br>Photo ID Number: 10248680<br>Date Taken: 05/10/2013<br>Photo Description: A drunk Robert Pattinson leaves the Chateau Marmont slouched over in his seat with his eyes barely open as a friend drives him away.  Witnesses said he was drinking inside and arrived before 10:00 p.m.  Pattinson left the hotel at 2:20 a.m.<br><br>Application Number: 1-956120641<br>Copyright Registration Date: 06/27/2013<br>Registration Number: VA 1-865-159 | Domain: www.gossipcop.com<br>URL: http://www.gossipcop.com/tag/hollywoodlife/page/2/<br>Observed Date: 09/12/2013 |
| **COPYRIGHTED IMAGE** | **INFRINGEMENT#9 OF 9** | **WEB PAGE CAPTURE** |
| | Photo Owner: National Photo Group, LLC<br>Photo ID Number: 10248680<br>Date Taken: 05/10/2013<br>Photo Description: A drunk Robert Pattinson leaves the Chateau Marmont slouched over in his seat with his eyes barely open as a friend drives him away.  Witnesses said he was drinking inside and arrived before 10:00 p.m.  Pattinson left the hotel at 2:20 a.m.<br><br>Application Number: 1-956120641<br>Copyright Registration Date: 06/27/2013<br>Registration Number: VA 1-865-159 | Domain: www.gossipcop.com<br>URL: http://www.gossipcop.com/2013/05/page/49/<br>Observed Date: 09/12/2013 |