UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X

                                     :

BWP MEDIA USA, INC. d/b/a PACIFIC   :
COAST NEWS and NATIONAL PHOTO  :
GROUP, LLC,                                 :

                                     :

                          Plaintiff,  :
               v.                       :

                                     :

GOSSIP COP MEDIA, LLC, and ABRAMS  :
RESEARCH, LLC,                          :

                                     :

                    Defendants. :

                                     :

------------------------------------------------------- X

               USDC SDNY
               DOCUMENT
               ELECTRONICALLY FILED
               DOC #: _____
               DATE FILED: January 26, 2015

13 Civ. 7574 (KPF)

OPINION AND ORDER

KATHERINE POLK FAILLA, District Judge:

Plaintiff BWP Media USA Inc. d/b/a Pacific Coast News and National

Photo Group, LLC ("Plaintiff" or "BWP Media") brought this action for copyright

infringement against Defendants Gossip Cop Media, LLC ("Gossip Cop"), and

Abrams Research, LLC ("Defendant" or "Abrams Research") d/b/a Abrams

Media.  BWP Media and Abrams Research stipulated to the dismissal of the

claim with prejudice as against Abrams Research, provided that Abrams

Research reserved the right to seek additional remedies.  (Dkt. #17).  The Court

now considers Abrams Research's motion for attorney's fees pursuant to 17

U.S.C. § 505.  For the reasons set forth in this Opinion, the motion is denied.

# BACKGROUND

## A.    Factual Background[1]

### 1.    The Parties

Plaintiff BWP Media "provide[s] entertainment-related photojournalism goods and services and own[s] the rights to a multitude of photographs and videos featuring celebrities, which it licenses to online and print publications." (Am. Compl. ¶ 1).  BWP Media obtains copyright registrations covering many of these photographs and videos, and additionally has pending copyright applications as to others.  (*Id.*).  BWP Media alleges that it is the legal and beneficial owner of these photographs and videos, and that is creates or obtains the photographs and videos "with the express purpose of licensing these photographs to media organizations."  (*Id.* at ¶¶ 11, 13).

Defendant Abrams Research is a Delaware limited liability company with its principal place of business in New York.  (*See* Marcus Decl., Ex. E).  Abrams Research describes itself on its website as "a full service digital and social media agency," and as "the interactive strategy arm of Abrams Media, a network of consumer news/information web sites published by our CEO Dan Abrams."  (*Id.* at Ex. F).  Abrams Research's website states that "the businesses

---

[1]    The facts contained in this Opinion are drawn from the Amended Complaint ("Am. Compl.") (Dkt. #13), the Answer ("Answer") (Dkt. #9), and the declarations submitted in connection with the motion for attorney's fees: the "Marcus Decl." in support of the motion, the "Sanders Decl." in opposition to the motion, and the "Marcus Supp. Decl." in further support of the motion.  For convenience, Defendant's opening brief is referred to as "Def. Br." (Dkt. #22); Plaintiff's opposition brief as "Pl. Opp." (Dkt. #29); and Defendant's reply brief as "Def. Reply" (Dkt. #33).  In addition, the transcript of the March 4, 2014 pre-motion conference is referred to as "Hrg. Tr." (Dkt. #19).

are distinct and separate," but suggests that they share (in addition to a chief executive officer) "proprietary digital audience building strategies and social sharing techniques." (*Id.*).  The website links to that of Abrams Media, which is somewhat opaque about the nature of its corporate structure, though it does suggest relationship to several "unique sites." (*Id.* at Ex. G).  As of March 3, 2014 — after the last of the pleadings had been filed in this litigation — Abrams Media's website listed Gossip Cop as one of these unique sites, but by March 18, 2014, Gossip Cop had been removed from the list.  (*Compare id.* at Ex. G, *with id.* at Ex. H).  Abrams Media's website makes no mention of Abrams Research.  (*Id.* at Ex. G, H).

Abrams Research is registered with the New York Department of State as maintaining its business address at 584 Broadway, Suite 510, New York, New York.  (Marcus Decl., Ex. E).  Abrams Media lists the same address on its website under "Contact." (Sanders Decl., Ex. D).  And while Gossip Cop is registered with the New York Department of State as maintaining its business address at 111 East 85th Street, Apartment 10A, New York, New York, the website registration information provided by Abrams Research lists Gossip Cop's address as 584 Broadway, the same address as Abrams Research and Abrams Media.

2.    **The Dispute**

The dispute centers around four images owned by BWP Media that were posted on the website of Gossip Cop without permission or authorization.[2] Though the record before the Court is not entirely clear concerning when BWP Media and Abrams Research began corresponding regarding alleged instances of copyright infringement, Abrams Research provides a heavily redacted email exchange from June 17, 2013 — well before the commencement of the instant litigation — between Plaintiff's counsel Craig Sanders and Bridget Williams. (*See* Malcolm Supp. Decl., Ex. A). Williams, who in the exchange uses an email address with a Mediaite domain name,[3] begins by stating that she "was brought in as President last month." (*Id.*) (Due to perhaps overenthusiastic redactions, president of what the exhibit does not make clear, though Mediaite indicates that Williams was made president of Abrams Media in the summer of 2013. *See* Andrew Kirell, *Bridget Williams, SVP at Business Insider, to Join Abrams Media as New President*, Mediaite (May 3, 2013, 11:34 AM), http://www.mediaite.com/online/bridget-williams-svp-at-business-insider-to-join-abrams-media-as-new-president/.) After Sanders provides some instances of potential infringements appearing on the gossipcop.com website, Williams responds that "each of these businesses are completely separate LLC's. They

---

[2]    The images and instances of alleged infringement are more fully discussed in the Court's separate opinion granting in part and denying in part Gossip Cop's motion to dismiss. (*See* Dkt. #40).

[3]    Mediaite is another entity founded by Abrams and listed as one of Abrams Media's sites. (Sanders Decl., Ex. B; Malcolm Decl., Ex. G).

live and die on their own and have no legal connection to one another…. There

is no … parent company." (*Id.*). She goes on to state that although they "lump

the sites together for sales purposes … there is no legal entity called Abrams

Media." (*Id.*). She elaborates that she does "not even oversee Gossip Cop

which has different owners." (*Id.*).

**B.     Procedural Background**

On October 25, 2013, Plaintiff filed its Complaint (Dkt. #1), listing as

Defendants Gossip Cop Media, LLC and Abrams Research, LLC d/b/a Abrams

Media. The time to respond was extended to January 13, 2014 (Dkt #7), on

which date Gossip Cop filed a letter requesting a pre-motion conference to

discuss an intended motion to dismiss (Dkt. #11), and Abrams Research filed

its Answer (Dkt. #9). In its Answer, Abrams Research denied "that (i) it does

business as 'Abrams Media' and (ii) 'is liable and responsible to Plaintiff[s]

based on the facts herein alleged.'" (Answer ¶ 10 (quoting Complaint ¶ 10)).

Abrams Research denied as well "that it is the 'registered owner of the Websites

[at issue in this action] and [is] responsible for their content.'" (*Id.* at ¶ 14

(quoting Complaint ¶ 14)). Finally, Abrams Research asserted as its seventh

affirmative defense that "Abrams Research is not a proper party to the instant

action because it is not the owner of, and has no control over, the websites that

form the bases of Plaintiffs' Complaint." (Answer p. 11). Plaintiff filed its

Amended Complaint on February 3, 2014, listing the same Defendants. (Dkt.

#13).

Subsequent to the filing of the Amended Complaint, Gossip Cop reasserted, via letter of February 24, 2014, its intent to file a motion to dismiss. (Dkt. #15). Though it had already filed an answer, on the same day Abrams Research also asserted its intent to file a motion to dismiss, for largely the same reasons as Gossip Cop but additionally "because it has no connection whatsoever to the website at issue in this action." (Dkt. #18). Plaintiff responded by letter on February 28, 2014, that it "agree[d] to voluntarily dismiss all claims against defendant, Abrams Research, LLC." (Dkt. #16). On March 4, 2014, the Court held a pre-motion conference at which it discussed both Gossip Cop's anticipated motion to dismiss and the dispute regarding Abrams Research's status *vel non* as a proper party. At the conference, as well as during the pleadings and subsequent motion practice, Gossip Cop and Abrams Media were represented by the same attorneys. After the conference, Gossip Cop proceeded with its motion to dismiss (Dkt. #24), which motion is granted in part and denied in part in a separate opinion (Dkt. #40).

During the conference, the Court pointed out that due to the filing of the answer, Plaintiff could not voluntarily dismiss the action against Abrams Research pursuant to Federal Rule of Civil Procedure 41(a)(1). The parties accordingly sparred over the terms of a joint stipulation of dismissal. Abrams Research began by asserting that it would only stipulate to dismissal "provided it's a with-prejudice dismissal and that it's with a reservation of our right to seek fees as a prevailing party in a copyright action." (Hrg. Tr. 7). It further argued that fees were appropriate because it had clearly informed Plaintiff in

its Answer that it bore no relationship to the website gossipcop.com, and

because a simple web search would have demonstrated that Gossip Cop rather

than Abrams Research was the registered owner of the domain name.  (*Id.* at

8).  Plaintiff responded:

> Abrams Research is, in some capacity, involved in this
> matter…. Abrams Media owns Gossip Cop.  Abrams
> Media is an unincorporated entity.  Abrams Research
> LLC is the incorporated entity.  The exact relationship
> between the unincorporated entity, whether or not it's a
> d/b/a for the owner of the company or for Abrams
> Research or something else, that remains a mystery to
> us.  But for simplicity's sake, we would be willing to let
> them out of the case.  And if discovery should prove that
> they did not belong out of the case, then we'd want to
> bring them back in.

(*Id.* at 9).

After discussing Gossip Cop's motion to dismiss, the parties turned back

to Abrams Research at the end of the conference.  Defendants' counsel argued

that Plaintiff's "lackluster" research was likely due to the fact that Plaintiff's

counsel "and his law firm, on behalf of these clients in this lawsuit, have filed

over 100 lawsuits in the last six months alleging copyright infringement."  (Hrg.

Tr. 21).  After prompting by the Court, Defendants' counsel indicated that

Abrams Research might pursue Rule 11 sanctions in the absence of a

dismissal on the terms previously suggested.  (*Id.* at 22).  Shortly thereafter

Plaintiff agreed to stipulate to a dismissal with prejudice and a reservation of

rights by Abrams Research (*id.* at 23-24), which the Court memorialized in its

Order of March 4, 2014 (Dkt. #17).

On March 18, 2014, Abrams Research filed its motion for attorney's fees. (Dkt. #21).  On April 18, 2014, Plaintiff filed its brief in opposition.  (Dkt. #29). And on May 2, 2014, the motion was fully briefed upon the submission of Abrams Research's reply brief.  (Dkt. #33).  The Court now considers the motion.

**DISCUSSION**

**A.     Applicable Law**

Section 505 of the Copyright Act provides that "[i]n any civil action under this title, the court in its discretion may … award a reasonable attorney's fee to the prevailing party as part of the costs."  17 U.S.C. § 505.  This statutory provision sets up three questions: whether a party is "prevailing," whether the district court should exercise its discretion to award such a party fees, and whether the fees sought are reasonable.  The Court finds that Abrams Research is a prevailing party as envisioned by § 505, but declines to award attorney's fees.  Accordingly, it need not consider whether the fees sought are reasonable.

**B.     Analysis**

**1.     Abrams Is a Prevailing Party Under 17 U.S.C. § 505**

The Supreme Court has made clear that, under § 505 of the Copyright Act, "[p]revailing plaintiffs and prevailing defendants are to be treated alike." *Fogerty* v. *Fantasy, Inc.*, 510 U.S. 517, 534 (1994).  A "prevailing party" for the purposes of fee-shifting statutes is one who is the beneficiary of a "judicially sanctioned change in the legal relationship of the parties."  *Buckhannon Bd. &*

*Care Home, Inc.* v. *W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001); *accord Ritani, LLC* v. *Aghjayan*, 970 F. Supp. 2d 232, 265-66 (S.D.N.Y. 2013) (applying the standard in the context of § 505).  Applying this standard in the context of a defendant who secures a dismissal, the Second Circuit has found that the dismissal must "immunize a defendant from the risk of further litigation on the merits of a plaintiff's claims" in order to render the defendant "prevailing."  *Dattner* v. *Conagra Foods, Inc.*, 458 F.3d 98, 103 (2d Cir. 2006).

Most courts to consider attorney's fees following dismissal pursuant to Rule 41 have distinguished between dismissals with and without prejudice: "A dismissal under Rule 41(a) is unlike a dismissal with prejudice under Rule 41(b), which enables the defendant to say that he has 'prevailed.'"  *Szabo Food Serv., Inc.* v. *Canteen Corp.*, 823 F.2d 1073, 1076-77 (7th Cir. 1987); *accord Schwarz* v. *Folloder*, 767 F.2d 125, 130 (5th Cir. 1985) ("Because a dismissal with prejudice is tantamount to a judgment on the merits, the … is clearly the prevailing party and should ordinarily be entitled to costs."); *Ritani*, 970 F. Supp. 2d at 266.  As Judge Cote pointed out in *Ninox Television Ltd.* v. *Fox Entm't Grp., Inc.*, No. 04 Civ. 7891 (DLC), 2006 WL 1643300 (S.D.N.Y. June 13, 2006), "[a] dismissal of an action with prejudice 'has the effect of a final adjudication on the merits favorable to defendant and bars future suits brought by plaintiff upon the same cause of action.'"  *Id.* at *2 (quoting *Nemaizer* v. *Baker,* 793 F.2d 58, 60 (2d Cir. 1986)).  "Thus," she concluded, "with the parties' stipulation of dismissal with prejudice, [the defendant] has

become a prevailing party and is entitled to move for an award of attorney's fees" under the Copyright Act.  *Id.*

Here, the parties agreed to a stipulation of dismissal with prejudice pursuant to Rule 41(a)(1)(A)(ii), because Plaintiff's opportunity to voluntarily dismiss unilaterally pursuant to Rule 41(a)(1)(A)(i) had expired upon Abrams Research's filing of an answer.  Such a dismissal "has the effect of a final adjudication on the merits favorable to defendant and bars future suits brought by plaintiff upon the same cause of action."  *Nemaizer*, 793 F.2d at 60. Therefore, because the stipulation of dismissal "immunize[s] [the] defendant from the risk of further litigation on the merits," *Dattner*, 458 F.3d at 103, Defendant has prevailed.  Plaintiff has brought forward no authority for the proposition that a defendant who secures a dismissal with prejudice — even where agreed to by stipulation — does not meet the Copyright Act's criteria for a prevailing party.  Plaintiff's citations to authority are inapposite.  (*See* Pl. Opp. 11-13 (citing *Christopher & Banks Corp.* v. *Dillard's, Inc.,* 805 F. Supp. 2d 693, 697 (S.D. Iowa 2011) (denying prevailing party status where unilateral amendment removed plaintiffs who never had ownership rights granting standing to sue); *Chambers* v. *Time Warner, Inc.*, 279 F. Supp. 2d 362, 365 n.1 (S.D.N.Y. 2003) (discussing stipulation that allowed refiling of claims in state court but not federal); *Silberstein* v. *Digital Art Solutions, Inc.*, No. 02 Civ. 8187 (GBD), 2003 WL 21297291, at *1 (S.D.N.Y. June 4, 2003) (discussing dismissal without prejudice); *Szafarczyk* v. *Digital Art Solutions, Inc.*, No. 02 Civ. 5481 (GBD), 2003 WL 21297293, at *1 (S.D.N.Y. June 4, 2003) (same); *Great Am.*

*Fun Corp.* v. *Hosung N.Y. Trading, Inc.*, No. 96 Civ. 2986 (LAK), 1997 WL 129399, at \*2 (S.D.N.Y. Mar. 21, 1997) (declaring that in some circumstances "a defendant in an action voluntarily dismissed may be a prevailing party under the Copyright Act")).  The Court ordered the dismissal with prejudice to which the parties had stipulated on March 4, 2014, which order effected a material change in the legal relationship of BWP Media and Abrams Research.  Accordingly, Abrams Research is a prevailing party within the meaning of § 505 of the Copyright Act.

> ### 2.     The Court Declines to Grant Attorney's Fees

Where a party prevails under the Copyright Act, the district court should consider the following non-exclusive factors in exercising its discretion to award attorney's fees pursuant to § 505: "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Matthew Bender & Co.* v. *W. Pub. Co.*, 240 F.3d 116, 121 (2d Cir. 2001) (quoting *Fogerty*, 510 U.S. at 534 n.19) (internal quotation marks omitted).  The Second Circuit has also declared that "objective reasonableness is a factor that should be given substantial weight in determining whether an award of attorneys' fees is warranted," because "the imposition of a fee award against a copyright holder with an objectively reasonable litigation position will generally not promote the purposes of the Copyright Act." *Id.* at 122.  "This is not to say, however, that a finding of objective reasonableness necessarily precludes the award of fees.  In an

appropriate case, the presence of other factors might justify an award of fees despite a finding that the nonprevailing party's position was objectively reasonable." *Id.*

### a.  Plaintiff's Claims Were Objectively Reasonable and Not Frivolous

Abrams Research advances two grounds upon which Plaintiff's claims were objectively unreasonable.  First, Abrams Research argues that it was objectively unreasonable for Plaintiff to bring suit at all over one of the four images at issue, because that image's application was (and remains) pending before the U.S. Copyright Office and has neither been granted nor denied registration.   This argument is more fully addressed in the Court's companion opinion granting in part and denying in part Gossip Cop's motion to dismiss (Dkt. #40), but the Court will briefly restate the relevant issues.  Abrams Research is correct that registration is a prerequisite to suit under the Copyright Act, *see* 17 U.S.C. § 411(a), and that the vast majority of district courts in this Circuit have held that a registration requirement could be met only by an accepted or rejected application, and not a pending application.  *See Muench Photography, Inc.* v. *Houghton Mifflin Harcourt Pub. Co.*, No. 09 Civ. 2669 (LAP), 2012 WL 1021535, at *5 (S.D.N.Y. Mar. 26, 2012) (collecting cases).  However, the Second Circuit stated only last year that "the Federal Courts of Appeals are divided over whether a pending application satisfies § 411(a)'s requirement of copyright registration as a precondition to instituting an infringement action," and declined to "resolve the dispute or otherwise embroil ourselves in this circuit split."  *Psihoyos* v. *John Wiley & Sons, Inc.*, 748

F.3d 120, 125 (2d Cir. 2014).  Although the Court granted Gossip Cop's motion
to dismiss with regard to the unregistered image on this basis, the Court is not
prepared to state that a claim is objectively unreasonable where its merit is the
subject of a circuit split explicitly unresolved by the Second Circuit.  For the
same reasons, and particularly given that BWP Media's claims of infringement
survived Gossip Cop's motion to dismiss with regard to three of the four
images, the litigation was not frivolous.

Abrams Research additionally argues that, whatever the merits of BWP
Media's overall position, it was objectively unreasonable for Plaintiff to believe
that Abrams Research had any connection to Gossip Cop's allegedly infringing
activity.  The Court disagrees.  As explained by Abrams Research, it is "an
independent entity that, *inter alia*, serves as the interactive strategy arm for
'Abrams Media.'"  (Def. Reply 6).  And as explained elsewhere, Abrams Media is
an unincorporated "network of consumer news/information web sites," each of
which is a separate LLC, that nevertheless share a CEO as well as "proprietary
digital audience building strategies and social sharing techniques."
Furthermore, Bridget Williams informed Plaintiff's counsel that "we lump the
sites together for sales purposes."  Abrams Research believes that "Plaintiffs
could not ask for a better explanation as to the organizational structure for
Abrams Media," but the Court (and presumably Plaintiff) is left with significant
questions concerning the financial and legal relationships between and among
this web of entities.  Among other things, the Court notes that under certain
rare circumstances, nominally distinct corporate entities that function as a

single entity can be liable for one another's wrongful acts.  *See generally* 1

James Cox & Thomas Hazen, Treatise on the Law of Corporations § 7:16 (3rd

Ed. rev. 2014).

Furthermore, BWP Media had no factual basis by which to verify Abrams

Research's description of these relationships.  It is difficult to say that it was

unreasonable to suspect a relationship that might give rise to liability absent

discovery, particularly given that Gossip Cop and Abrams Research (i) listed

the same address on the former's website registration and the latter's

registration with the New York Secretary of State, (ii) had the same CEO, and

(iii) shared counsel throughout the proceedings.  Abrams Media did not help

this perception when it hastily removed Gossip Cop from its list of affiliated

sites between the date of the Court's conference with the parties and the filing

of the instant motion by Abrams Research.  Accordingly, the Court concludes

that it was not objectively unreasonable for BWP Media to bring suit over all

four images against Abrams Research.

> **b.     Plaintiff's Conduct Was Not Unreasonable or in Bad Faith**

Even where a party's legal position is objectively reasonable, "bad faith in

the conduct of the litigation is a valid ground for an award of fees."  *Matthew*

*Bender*, 240 F.3d at 125.  However, the Court discerns no bad faith here.

Upon a fuller explanation of Abrams Research's position in its pre-motion letter

and at the March 4, 2014 conference, Plaintiff agreed to stipulate to a dismissal

with prejudice in order to forestall unnecessary complication in its litigation

against Gossip Cop.  Abrams Research provides no evidence of improper

motive.  And the only sin of commission that Abrams Research identifies is that Plaintiff did not immediately ascertain the still-opaque nature of the Abrams media empire's corporate structure, or upon being informed in conclusory fashion did not immediately take its adversaries at their word.  The Court cannot identify bad faith in these actions.

Furthermore, the Court sees no pressing need for compensation given that whatever effort Abrams Research put forth in defending itself was largely duplicative of the same counsel's efforts on behalf of Gossip Cop.  Because Plaintiff's litigating position was objectively reasonable with regard to both fact and law, and because it did not evince any improper motive or bad faith, the Court finds that the purposes of the Copyright Act would not be served by an award of attorney's fees.

### CONCLUSION

For the reasons set forth in this Opinion, Defendant Abrams Research's motion for attorney's fees is DENIED.  The Clerk of Court is directed to terminate Docket Entry 21.

SO ORDERED.

Dated:      January 26, 2015
            New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge