

# SANDERS LAW <span>PLLC</span>
ATTORNEYS & COUNSELORS AT LAW

SANDERS LAW PLLC
COUNSELORS AT LAW
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530
T: 516-203-7600
F: 516-281-7601
WWW.SANDERSLAWPLLC.COM

May 21, 2015

<u>VIA ECF</u>

Honorable Katherine Polk Failla, U.S.D.J.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
Thurgood Marshall United States Courthouse
40 Foley Square, Rm 2103
New York, NY  10007

      **Re:**      ***BWP Media USA Inc., et. ano. v. Gossip Cop Media, LLC.***
      **Case No.:**      **13-cv-7574-KPF**

Dear Judge Failla:

      As Your Honor is aware, this office represents the Plaintiffs, BWP Media USA Inc. d/b/a Pacific Coast News ("BWP") and National Photo Group, LLC ("NPG"), in the above referenced action.  I am in receipt of the letter filed by Defendant Gossip Cop Media, LLC ("Gossip Cop") on May 20, 2015 (Dkt. 54) requesting a discovery conference with the Court, and am writing in response thereto.

      As an initial matter, although Plaintiffs object to the contentions and characterizations set forth in Defendant's letter, we nonetheless join in the request for a discovery conference as the parties are at an impasse with respect to several issues concerning discovery herein.

      **<u>Response to Defendant's Letter</u>**

      The gravamen of Defendant's letter requesting a conference with the Court alleges that the parties have been unable to agree on an ESI Order.  Although Defendant seeks to fault the undersigned for that alleged failure, that allegation is without merit.  Moreover, Defendant's characterization(s) of the parties' conversations are inaccurate.  More specifically, while it is true that the parties have been unable to agree on the terms of a proposed ESI Order, that failure is as a result of Defendant's insistence on over-complicating discovery in this matter.

**SANDERS LAW** PLLC
ATTORNEYS & COUNSELORS AT LAW

PAGE 2

As the Court will recall, there are only three (3) alleged infringements at issue in this case[1]. Consequently, the undersigned proposed a relatively simple ESI Order (Dkt. 54-1). As is set forth in Defendant's letter to Your Honor, Defendant rejected the ESI Order as proposed and transmitted a counter-proposed Order. *A copy of Defendant's first proposed ESI Order is annexed hereto as Exhibit "1".* Plaintiffs objected to the ESI Order proposed by Defendant, *inter alia,* as it would require ESI to be produced in "concordance" format, a protocol not supported by this Firm or Plaintiffs. *See id.* As such, agreeing to produce and/or receive ESI in this format would have added a large an unnecessary expense to Plaintiffs and a significant overhead to what we anticipate to be a relatively modest production.

Following the telephone conference identified in Defendant's letter, Defendant transmitted a second proposed ESI Order (Dkt. 54-2). Plaintiffs objected to the second proposed ESI Order insofar as, other than removing the reference to "concordance" protocol, the second proposed ESI Order was nearly identical to the first. In a follow-up conversation, the undersigned explained that the basis of our objection to Defendant's second proposed ESI Order was that it still purports to require production of ESI in a format specified in the proposed Order, rather than in its native format. In that conversation, I reminded counsel that there are only 3 photographs and 3 screen-grabs at issue, meaning that Plaintiffs had only six ESI files responsive to Defendant's demands. I further reiterated that we did not wish to receive a production that would require outside expert consulting to load into our system or interpret.

Notwithstanding the foregoing, I made it clear that Plaintiffs were ready, willing and able to enter into an ESI order that would not require the complexity being insisted upon by Defendant. To that end, I attempted to engage counsel in a dialogue as to a mutually agreeable revision to the proposed Order, however, counsel refused to have any such discussion by phone. As a result, we proposed a redline revision to Defendant's proposed Order. Surprisingly, our proposed revisions were rejected out-of-hand without any explanation from Defendant as to why they were unacceptable. Thereafter, instead of attempting to resolve this matter informally, Defendant sought this Court's intervention.

### Plaintiffs' Request for a Conference

Plaintiffs respectfully request a conference with this Court to address their objections to the scope of the depositions as noticed by Defendant.

Defendant served deposition notices on or about April 30, 2015. *A copy of Defendant's two Notices are annexed hereto as Exhibits "2" and "3" respectively.* As the Court will see, Defendant identified twenty three (23) topics of inquiry for each Plaintiff, the majority of which

---

[1] Although the First Amended Complaint alleged a total of nine (9) infringements (Dkt. 13), in denying Defendant's Motion to Dismiss, in part, the Court held that there are only three distinct images at issue in this case, and dismissed Plaintiffs' claims as to a fourth image for which Plaintiffs had filed an application for registration but for which a certificate of registration had yet to be issued (Dkt. 40).

**SANDERS LAW** PLLC
ATTORNEYS & COUNSELORS AT LAW

PAGE 3

are wholly unrelated to any claim or defense herein. By letter dated May 15, 2015, the undersigned communicated the specific objections to Defendant's counsel and rejected the deposition notices as served. *A copy of our letter dated May 15, 2015 is annexed hereto as Exhibit "4".* Notwithstanding the foregoing, we invited Defendant serve to a proper notice, which limits the deposition topics to only those which are likely to lead to the discovery of relevant evidence. Although Defendant's counsel responded on the same date that a reply would be forthcoming, as of the date of this letter, Defendant has failed or otherwise refused to respond to the demand, either verbally or in writing. In light of Defendant's lack of response, we ask that the Court formally quash the subpoenas as served.

Finally, it is unclear what documents, if any, Defendant has produced in response to Plaintiffs' document demand. Specifically, Defendant's covering response to Plaintiffs' document demand set forth boilerplate objections to each of the 24 demands set forth by Plaintiffs. *A copy of Defendants' covering response is annexed hereto as Exhibit "5".* Although Defendant purported to tender its documents on May 5, 2015, the production consisted of only 3 documents, totaling 5 sheets of paper, all of which were marked "confidential." The transmittal does not indicate which of Plaintiffs' demands these documents are purportedly responsive to. As a result, it remains unclear if any other paper documents exist that are responsive to Plaintiffs' demands

For the foregoing reasons, Plaintiffs join in the request for a discovery conference with the Court.

Respectfully yours,

_/s/ Craig B. Sanders_____
Craig B. Sanders