# SANDERS LAW <sub>PLLC</sub>
ATTORNEYS & COUNSELORS AT LAW

SANDERS LAW PLLC
COUNSELORS AT LAW
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530
T: 516-203-7600
F: 516-281-7601
WWW.SANDERSLAWPLLC.COM

August 3, 2015

<u>VIA ECF</u>

Honorable Katherine Polk Failla, U.S.D.J.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
Thurgood Marshall United States Courthouse
40 Foley Square, Rm 2103
New York, NY  10007

      **Re:**      ***BWP Media USA Inc., et. ano. v. Gossip Cop Media, LLC***.
      **Case No.:**      **13-cv-7574-KPF**

Dear Judge Failla:

      As Your Honor is aware, this office represents the Plaintiffs, BWP Media USA Inc. d/b/a Pacific Coast News ("BWP") and National Photo Group, LLC ("NPG"), in the above referenced action.  I am writing in advance of the conference scheduled in this case for this Thursday, August 6, 2015, to request that another item be added to the Court's agenda that day. Specifically, Plaintiffs hereby request a pre-motion conference in advance of making a *Daubert* motion to exclude the testimony and/or report of Defendant's expert, whose proposed report was recently served on this office.

      Although neither the Local Rules nor Your Honor's Individual Practice Rules expressly require a conference in advance of making a *Daubert* motion, because Defendant's proposed report is patently improper, Plaintiffs hope that addressing this matter in a conference will avoid the need for otherwise unnecessary formal motion practice.

      Defendant has proffered a proposed expert report from one Marshall Allin Leaffer, Esq., who identifies himself as a Distinguished Scholar in Intellectual Property Law and, therefore, identifies himself as an expert on copyright law.  The alleged purpose of Mr. Leaffer's report and contemplated testimony is to discuss the mechanics of Defendant's fair use defense, and how same should be applied to the facts of this case.  To that end, Defendant's contemplated use of its purported expert and report is facially invalid and, therefore, should be excluded.

# SANDERS LAW PLLC
ATTORNEYS & COUNSELORS AT LAW

PAGE 2

      It is well-settled law in this Circuit that the testimony of an expert which does nothing more than express a legal conclusion invades the province of the judge and/or jury and is, therefore, inadmissible.  *See, e.g., Hygh v. Jacobs*, 961 F.2d 359 (2d Cir. 1992) ("This circuit is in accord with other circuits in requiring exclusion of expert testimony that expresses a legal conclusion") citing *United States v. Scop*, 846 F.2d 135 (2d Cir.1988) (opinions which merely tell the jury what result to reach are inadmissible); *Marx & Co. v. Diners' Club, Inc.*, 550 F.2d 505 (2d Cir. 1977) (it is not for witnesses to instruct the jury as to applicable principles of law) *cert. den.*, 434 U.S. 861 (1977).

      In this case, Mr. Leaffer's report contains nothing more than an historical discussion of the fair use defense and its development through case law, culminating in an opinion of how the law should be applied to the facts of this case.  This is not allowed.  As Judge Sheindlin of this Court has held, "[i]n our adversarial system, lawyers make arguments, judges write legal opinions—and there is no such thing as an expert opinion when it comes to interpreting a statute unless that opinion belongs to a court" citing, *inter alia, Burkhart v. Washington Metro. Area Trans. Auth.,* 112 F.3d 1207 (D.C.Cir. 1997) ("Each courtroom comes equipped with a 'legal expert,' called a judge ...."). In light of the foregoing, it is respectfully submitted that Mr. Leaffer is not an "expert" within the meaning of FRE 702 for Defendant's purpose, and his report (and any related testimony) must be excluded under FRE 704.

      Prior to bringing this matter to the Court's attention, the undersigned wrote to Defendant's counsel to request that the Leaffer report be voluntarily withdrawn, citing authority for same.  Alternatively, the undersigned asked that Defendant's counsel advise when they would be available for a meet-and-confer to discuss these issues, with the hope of avoiding the need for further judicial intervention.  Unfortunately, I received no response to my letter.  Consequently, Plaintiffs are constrained to asking this Court to add this issue as an item to the agenda for this Thursday's conference.

      In closing, I thank the Court for its courtesies and attention to this matter.

      Respectfully yours,

      \_/s/ Jonathan M. Cader_____
      Jonathan M. Cader