**MEMO ENDORSED**

# SANDERS LAW PLLC
ATTORNEYS & COUNSELORS AT LAW

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: October 29, 2015

SANDERS LAW PLLC
COUNSELORS AT LAW
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530
T: 516-203-7600
F: 516-281-7601
WWW.SANDERSLAWPLLC.COM

October 27, 2015

*VIA ECF*

Honorable Katherine Polk Failla, U.S.D.J.
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Rm 2103
New York, NY 10007

      Re:    *BWP Media USA Inc., et. ano. v. Gossip Cop Media, LLC.*
                Case No. 13-cv-7574-KPF

Dear Judge Failla:

      As Your Honor is aware, this office represents the Plaintiffs, BWP Media USA Inc. d/b/a Pacific Coast News ("BWP") and National Photo Group, LLC ("NPG"), in the above referenced action.

      As Your Honor will recall, at the conclusion of the conference held on Tuesday, October 20, 2015, Your Honor instructed the parties to submit a joint letter within one week, advising the Court as to whether this matter should be referred to Judge Netburn for a mediation conference. By this letter, the parties hereby advise the Court that no consensus could be reached by and among them concerning the issue.

      As the parties will not be pursuing mediation, we ask the Court to address the issue of the parties' use of expert witnesses, *Daubert* motions, and/or the completion of expert discovery, which was discussed at the conference held in Chambers prior to closing of the record.

### Plaintiffs' Position

      As Your Honor is aware, it is Plaintiffs' position that the issue of expert discovery remains open, as the Court extended the time to complete expert discovery by Order dated June 8, 2015 (Dkt. 58), and subsequently stayed all interim dates (including completion of expert discovery) pending resolution of Defendant's putative motion for discovery sanctions (TR 8/6/2015 at p. 35:12-35:14). As the Court has now resolved the issue of Defendant's putative motion for discovery sanctions, the issue of expert discovery must be addressed.

{05086/608911-000/01394278.1}

**SANDERS LAW** PLLC
ATTORNEYS & COUNSELORS AT LAW                                                    PAGE 2

      Plaintiffs believe that Defendant's designation of Professor Leaffer as a purported expert is not a proper designation, since the proffered report consists solely of legal opinions and conclusions. Consequently, Plaintiffs ask that the Court declare Professor Leaffer is not a proper expert and may not be used for such purpose. Alternatively, Plaintiffs ask the Court to set a date by which Plaintiffs may serve a *Daubert* motion, seeking to exclude Professor Leaffer and/or his report.

      Plaintiffs further request that the Court continue the cutoff date for expert discovery pending a determination of Plaintiffs' *Daubert* motion. Plaintiffs make this request insofar as, if Professor Leaffer and/or his report are excluded from trial, Plaintiffs will not need to depose Professor Leaffer and/or designate an expert of their own (as Plaintiffs believe that the trial of this case should not require an expert from either side). In the event that expert discovery is not held open pending a determination of Plaintiffs' *Daubert* motion, Plaintiffs must ask this Court to set a date by which they may designate an expert, notwithstanding the fact that they will be moving to exclude all experts from the case.

      Although Defendant's position, articulated below, avers that Plaintiffs' contentions are meritless, Plaintiffs submit that such position is belied by the record.

**Defendant's Position**

      Defendant's position is that Plaintiffs' contentions are meritless. The Court's did not, as Plaintiffs assert, "stay" discovery deadlines to resolve the discovery sanctions issue. The resolution of whether Plaintiffs have met their discovery obligations is unrelated to the issue of Plaintiffs' obligation to timely engage in expert discovery.

      Indeed, the Court, in an Order dated June 8, 2015, issued a directive that "the parties *shall* complete expert discovery no later than August 7, 2015." Dkt. 58 (emphasis supplied). That Order only extended the discovery deadlines established by the original scheduling order of February 20th so as to allow Plaintiffs to address various electronic discovery production issues that remained unresolved until the Court closed the record last week. The June 8th Order did *not* amend or modify any other aspect of the existing case management plan which states, in relevant part, that:

> "[…] [A]ny motion to exclude the testimony of experts pursuant to Rules 702-705 of the Federal Rules of Evidence and the *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), line of cases, <u>is to be filed within 30 days of the close of fact or expert discovery, **whichever is later**</u>. Unless otherwise ordered by the Court, opposition to any such motion is to be filed two weeks after the motion is served on the opposing party, and a reply, if any, is to be filed one week after service of an opposition." Dkt. 45, ¶ 14 (emphasis supplied).

      Here, Plaintiffs elected to forgo engaging in expert discovery pursuit to the agreed-upon schedule in favor of pursuing a *Daubert* challenge as against the expert whom Defendant timely

{05086/608911-000/01394278.1}

and properly disclosed pursuant to the initial case management plan (as modified on June 8th). That is, the Case Management Plan for this case sets out a wholly conventional schedule whereby (i) *both* parties could develop a factual record; then (ii) *both* parties' experts could opine on said record (as well as be examined concerning same); and then (iii) *both* parties could make *Daubert* challenges based on the factual record, the expert reports, and the deposition testimony of the expert subject to the challenge. The Case Management Plan does not contemplate Plaintiffs' position here, as described *supra*, wherein Plaintiff is allowed to unilaterally (and without any prior notice) disrupt the schedule in order to determine if and when it will later rely on expert opinion evidence at trial based on the outcome of a *Daubert* challenge.

Ultimately, Defendants have complied with the scheduling order, but Plaintiffs have not. Plaintiff not only had ample time to designate an expert and serve expert disclosures within the two months following the initial discovery extension, but also to depose Professor Leaffer (whom they did not even notice for a deposition during the discovery period or since). Plaintiff should not now be permitted to unilaterally rewrite the case management plan in this case so as to obtain unfair advantage and prejudice the defense. Respectfully, Plaintiffs made the tactical decision to forgo timely participation in the expert discovery phase of the case in favor of issuing a *Daubert* challenge. They should be made to accept the results of their informed decision.

## Trial Scheduling and Preparation

Section 7A of your Individual Rules and Practices (dated June 17, 2015) indicate that "the Court will set the deadline for the submission of the Joint Pretrial Order at a conference that will follow either the close of discovery or the resolution of dispositive motions." As (i) the latter will not be filed in light of the bench trial; (ii) the former was established at the recent discovery hearing wherein the Court closed the discovery record; and (iii) the Court has not yet set a trial date, the parties jointly submit for the Court's consideration and endorsement the following "anchor date" proposal for the pre-trial order and associated trial-related filings:

- *By no later than 15 court days before the date set by the Court for a bench trial to commence, the parties shall e-mail to the Court a proposed joint pretrial order which shall include all of the items applicable to a bench trial required by Fed. R. Civ. P. 26(a)(3) and outlined in §§ 7A & C of Your Rules;*

- *By no later than 10 court days before the date set by the Court for a bench trial to commence, the parties shall file via ECF all of the items applicable to a bench trial recited in § 7B of Your Rules; and*

- *By no later than 5 court days before the date set by the Court for a bench trial to commence, the parties shall file via ECF opposition papers applicable to the items recited in § 7D of Your Rules.*

**SANDERS LAW** PLLC
ATTORNEYS & COUNSELORS AT LAW
PAGE 4

### Conclusion

Because the parties do not agree as to the scope of the stay granted by the Court, the parties ask that the Court issue an Order qualifying these issues and/or resetting dates.

In closing, the parties thank the Court for its courtesies and attention to this matter.

Respectfully yours,

/s/ Jonathan M. Cader
Jonathan M. Cader

```
     The Court would not find a counter-expert from Plaintiffs useful, nor
will it permit a Daubert motion to be filed.  The Court largely agrees,
however, with Plaintiffs' characterization of Defendant's expert witness, and
will disregard Professor Leaffer's testimony insofar as it provides legal
opinions and conclusions.  Furthermore, the parties remain free to present
their legal positions regarding the fair use doctrine in their proposed
findings of fact and conclusions of law.  If, given these circumstances,
Plaintiffs still wish to depose Professor Leaffer, they may do so within the
next 30 days.  Expert discovery is, for all other purposes, closed.

     Regarding scheduling, the Court will set a schedule for pre-trial
submissions once the trial date has been set.


  Dated:  October 29, 2015            SO ORDERED.
          New York, New York
```

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE